**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JANE MCCARTHY, individually and on behalf of all other similarly situated individuals,<br><br>             Plaintiff,<br><br>v.<br><br>FIDELITY SECURITY LIFE INSURANCE COMPANY, INDEPENDENCE HOLDING COMPANY, INSURERS ADMINISTRATIVE CORPORATION, and IHC HEALTH SOLUTIONS, INC.,<br><br>             Defendants. | CASE NO. 8:10-CV-00010<br><br>**STIPULATED MOTION AND PROTECTIVE ORDER** |

       THIS MATTER comes before the Court pursuant to the agreement of all the parties herein (the "Parties"), as evidenced by the signatures of their respective counsel below, for entry of a Protective Order to preserve the confidentiality of certain discovery materials, information, or documents.

       IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of information, documents, depositions, deposition exhibits, and other written, recorded, or graphic matters produced during discovery by the parties to this action.

       This Court, being duly advised in the premises, finds as follows:

       1.    <u>DEFINITIONS</u>.  Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial

summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

2. <u>CONFIDENTIAL DOCUMENTS/INFORMATION</u>. The parties seek to protect from disclosure certain personal, sensitive, proprietary, and trade secret information relating to this lawsuit. "Confidential Information" shall mean sensitive confidential information that is not in the public domain and that contains confidential research, development, financial or other commercial information, or confidential personal information, provided that confidentiality has been reasonably maintained. "Confidential Information" does not include any information that (1) is generally known or available to the public without violating this Order, or (2) has been published, and thus is part of the public domain. Before produced documents are copied or inspected, the producing party may stamp or affix equivalent insignia stating "Confidential" on any document or deposition testimony containing Confidential Information. Such stamp or insignia shall constitute a "Legend". When any document is designated Confidential pursuant to this Order, the Legend shall be affixed to the cover of such document and to any page therein containing Confidential Information. Documents designated "Confidential," deposition testimony so designated, and information derived there from will be retained by counsel and will not be

used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

a. Counsel who have signed this Order approving it as to form and content, attorneys who are employed by the Parties, retained outside counsel, in-house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation, and officers of the Parties, only to the extent necessary for the conduct of this litigation;

b. Experts and consultants retained by a party to or counsel in this action for purposes of assisting in the preparation or presentation of claims or defenses, including non-testifying experts;

c. Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

d. Any person who was involved in the preparation of the document;

e. The Court, Court personnel, court reporters, videographers, and similar personnel;

f. The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph 2(a) above.

g. Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (c), (d), (e) except for the Court and Court personnel, (f) and (g) ("Qualified Recipient") shall be shown a copy of, and shall agree in writing by executing an Acknowledgement by Qualified Recipient (Exhibit "A"), or

on the record during trial or deposition, to be bound by the terms of this Protective Order. During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order. If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

3. <u>DOCUMENTS ALREADY PRODUCED</u>. Within fourteen (14) days of the entry of this Order, parties may inform the party to whom documents have been produced that it considers certain documents already produced as being subject to this Order as "Confidential".

4. <u>THIRD PARTY WITNESSES</u>. A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third-party deponent. A third-party witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within fourteen (14) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such fourteen (14) day period and thereafter if designated as "Confidential" by either party or by the third party producing it. The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party that has not been designated as "Confidential" by the third party or by a party within such fourteen (14) day period.

5. <u>CHALLENGE TO DESIGNATION</u>. Any party may challenge the "Confidential" designation of any document, by moving the Court for an Order allowing disclosure. The party challenging the "Confidential" designation of any document shall give all other parties at least fourteen (14) days notice before filing a motion with the Court and the parties shall attempt to resolve any disagreement before submitting it to the Court. If a party challenges the "Confidential" designation of the document(s), the documents at issue shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion.

6. <u>RETURN OF DOCUMENTS</u>. Upon completion of the litigation all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party with signed statement reflecting the disposition. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

7. <u>USE OF DOCUMENTS</u>. Documents produced by any party, including, but not limited to, "Confidential" documents, and information from any documents acquired in discovery in this litigation shall not be used for any purpose except in connection with the litigation pending in the United States District Court for the District of Nebraska, Case No. 8:10-cv-00010, styled: *JANE MCCARTHY, individually and on behalf of all other similarly situated individuals, Plaintiff v. FIDELITY SECURITY LIFE INSURANCE COMPANY, INDEPENDENCE HOLDING COMPANY, INSURERS ADMINISTRATIVE CORPORATION, and IHC HEALTH SOLUTIONS, INC., Defendants.* Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its

own documents and information. This Order, or production of any documents, shall not govern or affect the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial. The Parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a Discovery Confidentiality Order pursuant to which Confidential Information may be introduced into evidence or otherwise used at such hearing, trial, mediation or other proceeding. Absent agreement, the Court shall be asked to issue an order governing the use of information in the context of such proceedings.

8. <u>EXCEPTIONS</u>. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

(1) Such information was or has become public knowledge absent a breach of this Protective Order; or

(2) The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship that may have existed or exists between such third party and the party making the disclosure.

9. <u>INADVERTENT DISCLOSURE</u>. The inadvertent disclosure of any document that is subject to a legitimate claim that the document should have been withheld from disclosure under the Attorney-Client Privilege, Work Product Doctrine, or other available privilege or protective doctrine, the producing party shall NOT waive any privilege or other applicable protective doctrine for that document, or for the subject matter of the inadvertently disclosed document, if the producing party, upon becoming

aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure

10. <u>NON-EXCLUSIVITY</u>. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this agreement.

11. <u>WAIVER</u>. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

12. <u>ENFORCEMENT</u>. Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Federal Rules of Civil Procedure.

Exhibit "A"

**ACKNOWLEDGEMENT BY QUALIFIED RECIPIENT**

The undersigned as a "Qualified Recipient" agrees to be bound by the above and foregoing Stipulated Protective Order and does hereby certify that I have read the above Protective Order entered on _____, 2010 (the "Order") in the action now pending in the *United States District Court for the District for Nebraska captioned Jane McCarthy v. Fidelity Security Life Insurance Company, et. al.*, Case No. 8:10-CV-00010 (the "Action"), and I am fully familiar with its terms.  I understand that in the course of my activities in connection with the Action, I may have occasion to examine, inspect or be exposed to the documents and records of the parties to this litigation.  I, therefore, agree to be bound by and comply with all of the terms and prohibitions of the Order and not to do any act or thing in violation of the Order.

_____

Signed before me a notary public for the State of _____, this ___ day of _____, 201__.

_____

NOTARY PUBLIC

SO ORDERED this __12th__ day of __August_____, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

Approved and to Form and Content by:

        JANE MCCARTHY, Plaintiff

By:   s/David A. Domina
       David A. Domina (#11043)
       Domina Law Firm
       2425 South 144th St.
       Omaha, NE 68144-3267
       Phone: 402-493-4100
       Fax: 402-493-9782
       ddomina@dominalaw.com

       One of Plaintiff's Attorneys

FIDELITY SECURITY LIFE INSURANCE COMPANY, INDEPENDENCE HOLDING COMPANY, INSURERS ADMINISTRATIVE CORPORATION, AND IHC HEALTH SOLUTIONS, INC., Defendants,

By:  s/Erin E. Busch
     Kirk S. Blecha (NE# 14703)
     Jill Robb Ackerman (NE# 17623)
     Gretchen L. Twohig (NE# 22490)
     Erin E. Busch (NE# 23307)
of   BAIRD HOLM LLP
     1500 Woodmen Tower
     1700 Farnam St
     Omaha, NE  68102-2068
     Phone: 402-344-0500
     Fax: 402-344-0588
     kblehca@bairdholm.com
     jrackerman@bairdholm.com
     gtwohig@bairdholm.com
     ebusch@bairdholm.com

     Defendants' Attorneys

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of August, 2010, I sent via email a copy of the above and foregoing to the following:

David A. Domina
Michael C. Dodge
Seth A. Horwitz
Andrew S. Friedman
Bruce D. Greenberg
Stan P. Baudin
Scott E. Brady

      s/Erin E. Busch

DOCS/988852.1